UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN R. GALVIS QUINONEZ,

                              Petitioner,

-v-

LAWRENCE CATLETTI, *in his official capacity as Colonel of Correctional Command for Orange County, New York, et al.*,

                              Respondents.

26 Civ. 857 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      On January 21, 2026, petitioner Juan R. Galvis Quinonez ("Galvis") was detained by U.S. Immigration and Customs Enforcement ("ICE"). Dkt. 1. On February 2, 2026, Galvis filed a petition for writ of habeas corpus and an application for emergency relief. Dkt. 4 (the "petition"). That day, the Court ordered respondents (the "Government") to show cause, by February 6, 2026, why Galvis' petition should not be granted. Dkt. 6. The Court also directed the Government to maintain Galvis in the United States pending the Court's ruling on his petition and to address, specifically, whether the facts of Galvis' case were materially distinguishable from those in, *Yao v. Almodovar*, ___ F. Supp. 3d ___, 2025 WL 3653433 (S.D.N.Y. Dec. 17, 2025), in which the Court recently ordered the release of a noncitizen based on a due process violation. Dkt. 6.

      The Court has now received the Government's opposition to, and petitioner's reply in support of, the petition. Dkts. 11 ("Opp'n"), 12 ("Reply").

      The Government concedes the above-captioned matter is "not materially distinguishable from" *Yao*, and that the Court's decision in *Yao* "control[s] the result in this case." Opp'n at 2.

1

In the interest of judicial economy and expedited consideration of the petition, the Government represents it is "content with relying on, and incorporates by reference, the legal arguments it presented in *Yao*, and believes the Court can decide this matter without further briefing." *Id.*

The Court agrees. Based on the factual history set out in the Government's letter, this case is indeed materially indistinguishable from *Yao*. In each case, the petitioner unlawfully entered the United States, *see id.* at 1; *Yao*, 2025 WL 3653433, at *1, was served with a notice to appear stating that he was subject to removal from the United States, *see* Opp'n at 1; *Yao*, 2025 WL 3653433, at *1, and then released on his own recognizance under 8 U.S.C. § 1226, a provision of the Immigration and Nationality Act ("INA"). *See* Opp'n at 1; *Yao*, 2025 WL 3653433, at *1. Although Yao encountered ICE at 26 Federal Plaza and Galvis encountered ICE during a vehicle stop, upon each encounter, the petitioner was taken into custody by ICE and served with an arrest warrant citing INA § 236—*i.e.*, 8 U.S.C. § 1226—as the statutory basis for detention. Petition at 32–33; *Yao*, 2025 WL 3653433, at *2. Finally, in each case, the Government concedes (expressly or impliedly) that ICE did not make any individualized custody determination when it detained the petitioner. *See* Petition at 33–34; *Yao*, 2025 WL 3653433, at *2 ("ICE concedes that, in detaining Yao, it did not exercise discretion or consider his individual circumstances."); Opp'n at 2 ("[T]he facts of this case are materially indistinguishable from those of *Yao*.").

In light of this factual synchronicity, the Court's decision in *Yao* controls. There, the Court held as follows:

> First, Yao was subject to detention pursuant to § 1226(a), which authorizes detention solely on a discretionary, not mandatory, basis. He was not subject to detention under § 1225(b)(2)(A). Second, because Yao's detention under § 1226(a) was imposed without any process, it violated his due process rights. Third, the proper remedy for ICE's constitutional violation is Yao's immediate release.

*Yao*, 2025 WL 3653433, at *3.

So too here. Galvis' detention under § 1226(a) was imposed without any process, and thereby violated his due process rights. Accordingly, and consistent with "the vast majority of other courts to consider this question," *Yao*, 2025 WL 3653433 at *11, the Court orders Galvis' immediate release.[1]

## CONCLUSION

For the above reasons, the Court grants the petition for a writ of habeas corpus.

ICE is hereby ordered to release Galvis from custody. ICE shall certify compliance with the Court's order by filing an entry on the docket of this case no later than **12:00 p.m. on Monday, February 9, 2026**.

The Clerk of Court is respectfully directed to close this case.

Dated: February 6, 2026
New York, New York

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

---

[1] In *Yao*, the petitioner had moved for reasonable fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. Galvis, who began this action *pro se*, does not seek such relief here.

3